# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                Facsimile: (212) 317-1620
––––––––

gnaydenskiy@faillacelaw.com

**BY ECF**

Hon. Alison J. Nathan
United States Courthouse
40 Foley Square
New York, NY 10007

>     **Re:**    Garcia Santana et al v. Rego Furniture Inc. et al
>              **Case No. 18-cv-02799-AJN**

Dear Judge Nathan:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for, *inter alia*, overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA) and the New York Labor Law (N.Y. Lab. Law. § 195).  The parties have settled the matter and seek approval of the FLSA settlement. [1]

## SETTLEMENT TERMS

Under Plaintiff's best case scenario he is entitled to back wages of approximately $68,000. However, there were documents within the case that if to be credited then Plaintiff would be owed

––––––––––––––––––––––

[1] The parties have entered into a separate agreement in settlement of Plaintiff's State claims.

*Certified as a minority-owned business in the State of New York*

approximately $18,040[2]. ("Exhibit B"). Thus, considering all of the litigation risk, a settlement of $30,000 for Plaintiff's FLSA claim is fair and reasonable.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Defendants answer contends that they are not liable for any violation. Therefore, Plaintiff believes the settlement is reasonable because of the risk of litigation.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $10,000 (one-third of the $30,000 settlement) from the FLSA settlement as attorneys' fees and costs of $1,035.20 which represents costs actually incurred by counsel in litigating this action (which includes the filing fee, and service of process fees.)

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,612.50 in attorneys' fees and $1,035.20 in costs[3], making the fee counsel will receive under the

---

[2] The records showed Plaintiff to have been working an average of 47.5 hours and paid $450 per week.
[3] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

Page 3

agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

      i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.   Faillace's work is indicated by the initials "MF."

      ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison,

Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."

iii.    Sara Isaacson graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP.  After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Ms. Isaacson regular billing rate of $350 per hour is reflected in Exhibit C with the initials "SI"

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

Lastly, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred.  Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Page 5

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement"), dated December __, 2018, sets forth the mutual understanding between Emetero Garcia Santana ("Santana" or "Plaintiff") and Rego Furniture Inc. (d/b/a Easy Shopping) ("Rego"), Fortune Distributor of Third Avenue, Inc. (d/b/a Easy Shopping) ("Fortune"), Z&G Distributors, Inc. (d/b/a Easy Shopping) ("Z&G"), Sami Zeitoune, Eli Yahu Grego, and Sami Zee (collectively hereinafter "Defendants") regarding Plaintiff's employment with Defendants and the settlement of the FLSA claims he has or may have against Defendants.

WHEREAS, Plaintiff filed a case against Defendants in the United States District Court, Southern District of New York, entitled *Emeterio Garcia Santana v. Rego Furniture Inc. (d/b/a Easy Shopping), Fortune Distributor of Third Avenue, Inc. (d/b/a Easy Shopping), Z&G Distributors, Inc. (d/b/a Easy Shopping), Sami Zeitoune, Eli Yahu Grego, and Sami (A.K.A. Sammy) Zee*, Case No. 18-cv-02799 (AJN) (the "Action");

WHEREAS, Defendants deny all claims alleged in the Action;

WHEREAS, the parties mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth; and

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, Plaintiff and Defendants, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiff has or may have in the future through the date of execution of this Agreement.

2. **Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

(a)    Release of Fair Labor Standards Acts Claims. Plaintiff, on behalf of himself and his successors, assigns, heirs, executors, and administrators, in their respective capacity as such, knowingly and voluntarily releases and forever discharges Defendants, and any present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors, owners, and agents thereof, , and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities, in their respective capacity as such, of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Plaintiff has or may have against Defendants, and also covenants not to file any claim or suit alleging a violation of the FLSA.

(d)    Collective/Class Action Waiver. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants

are a party.  In the event any class or collective action is brought against Defendants, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(e)    Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

3. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court for the Southern District of New York's (the "Court") approval of this Agreement, Defendants agree to pay to Plaintiff the gross total sum of Thirty Thousand Dollars ($30,000) (the "Settlement Funds") to be paid to Plaintiffs' attorneys. The breakdown of the Settlement Funds shall be:

(b) *The foregoing payments shall be made in accordance with the following scheduled:*

    a.  *A first instalment of $10,000 within 30 days of settlement approval by the court.*

    b.  *A second instalment of $10,000 within 60 days of settlement approval by the court.*

    c.  A third instalment of $5,000 within 90 *days of settlement approval by the court.*

    d.  A fourth instalment of $5,000 within 120 *days of settlement approval by the court.*

    e.

(a)    The Settlement Funds shall be paid to Michael Faillace & Associates, P.C., to the attention of Michael Faillace, 60 East 42nd Street, Suite 4510, New York, NY 10165, and disbursed to Plaintiff.

(b)    Defendants shall issue a Form 1099 to Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, and disbursed to Plaintiff, covering all Settlement Funds, and Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes owed on the sum they receive on this Agreement.

4.    **Settlement Approval.**    Plaintiff shall file a motion seeking the Court's approval of this Agreement.  This Agreement is contingent upon the Court's approval of this settlement Agreement and dismissal of all of Plaintiff's claims, with prejudice.

2

5.      In the event the Defendants default in payment of any of the Settlement Funds as set forth in Paragraph 3, then Plaintiff, after a written notice of such default to Defendants' attorneys, and such default not being cured within a ten (10) business day period, which period shall begin to run upon the mailing, by certified mail, and faxing of such notice to Defendants' counsel, whichever comes first, Plaintiff shall be entitled to re-open the matter before the United States District Court for the Southern District of New York against any and all Defendants without further notice.

6.      This Action is discontinued with prejudice, without costs to any party against another (except as set forth in Paragraph 3), except that Plaintiff and Defendants agree that the United States District Court for the Eastern District of New York shall have continuing jurisdiction over the interpretation and enforcement of the terms of this Agreement.

7.      **Non-Admission of Wrongdoing**.  Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants.  Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

8.      **Resolution of Disputes.**  Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

9.      **Covenant not to Sue.** Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendants arising out of or relating to any allegation or claim (whether Plaintiff's or any other person's) concerning Plaintiff's employment with Defendants or any of their parents, subsidiaries or affiliates, unless directed by court order or subpoena.  Plaintiff expressly agrees that if he breaches this section, and fails to cure said breach within ten (10) days of receiving notice of breach from Defendants: (1) he will be responsible for any attorney's fees incurred by Defendants as a result of said breach; and (2) he shall immediately pay back to Defendants all monies paid to him under this Agreement.

10.     **No Waiver**.  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11.  **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12.     **Entire Agreement.**

3

(a)    This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiff has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b)    This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c)    Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

13.    **Competence to Waive Claims.**    Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement.   Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his FLSA claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

14.    **Representations.**

(a)    Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b)    Plaintiff understands and agree that he has been advised to consult with an attorney before signing this Agreement.

(c)    Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his minds and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose.  If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement.  This Agreement shall not be effective or enforceable until the revocation period has expired.

15.    **Execution.**

(a)    The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C.  Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA.  Plaintiff selected his counsel voluntarily;

4

   (b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

   (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

PLAINTIFF:                                          DEFENDANTS:

Emeterio Garcia Santana                             Rego Furniture, Inc.
Dated: December__, 2018                             Dated: December__, 2018


                                                    Fortune Distributor of Third Avenue, Inc.
                                                    Dated: December__, 2018


                                                    Z&G Distributors, Inc.
                                                    Dated: December__, 2018


                                                    Sami Zeitoune
                                                    Dated: December__, 2018


                                                    Eli Yahu Grego
                                                    Dated: December__, 2018

6

## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement"), dated December __, 2018, sets forth the mutual understanding between Emetero Garcia Santana ("Santana" or "Plaintiff") and Rego Furniture Inc. (d/b/a Easy Shopping) ("Rego"), Fortune Distributor of Third Avenue, Inc. (d/b/a Easy Shopping) ("Fortune"), Z&G Distributors, Inc. (d/b/a Easy Shopping) ("Z&G"), Sami Zeitoune, Eli Yahu Grego, and Sami Zee (collectively hereinafter "Defendants") regarding Plaintiff's employment with Defendants and the settlement of the FLSA claims he has or may have against Defendants.

**WHEREAS,** Plaintiff filed a case against Defendants in the United States District Court, Southern District of New York, entitled *Emeterio Garcia Santana v. Rego Furniture Inc. (d/b/a Easy Shopping), Fortune Distributor of Third Avenue, Inc. (d/b/a Easy Shopping), Z&G Distributors, Inc. (d/b/a Easy Shopping), Sami Zeitoune, Eli Yahu Grego, and Sami (A.K.A. Sammy) Zee,* Case No. 18-cv-02799 (AJN) (the "Action");

**WHEREAS,** Defendants deny all claims alleged in the Action;

**WHEREAS,** the parties mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Plaintiff and Defendants, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.  **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiff has or may have in the future through the date of execution of this Agreement.

2.  **Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

(a)    Release of Fair Labor Standards Acts Claims. Plaintiff, on behalf of himself and his successors, assigns, heirs, executors, and administrators, in their respective capacity as such, knowingly and voluntarily releases and forever discharges Defendants, and any present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors, owners, and agents thereof, , and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities, in their respective capacity as such, of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Plaintiff has or may have against Defendants, and also covenants not to file any claim or suit alleging a violation of the FLSA.

(d)    Collective/Class Action Waiver. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants

are a party. In the event any class or collective action is brought against Defendants, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(e)   Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

### 3. Consideration.

*(a)* In exchange for the promises made herein by Plaintiff and subject to the United States District Court for the Southern District of New York's (the "Court") approval of this Agreement, Defendants agree to pay to Plaintiff the gross total sum of Thirty Thousand Dollars ($30,000) (the "Settlement Funds") to be paid to Plaintiffs' attorneys. The breakdown of the Settlement Funds shall be:

(b) *The foregoing payments shall be made in accordance with the following scheduled:*

    a.   *A first instalment of $10,000 within 30 days of settlement approval by the court.*

    b.   *A second instalment of $10,000 within 60 days of settlement approval by the court.*

    c.   A third instalment of $5,000 within 90 *days of settlement approval by the court.*

    d.   A fourth instalment of $5,000 within 120 *days of settlement approval by the court.*

    e.

(a)   The Settlement Funds shall be paid to Michael Faillace & Associates, P.C., to the attention of Michael Faillace, 60 East 42nd Street, Suite 4510, New York, NY 10165, and disbursed to Plaintiff.

(b)   Defendants shall issue a Form 1099 to Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, and disbursed to Plaintiff, covering all Settlement Funds, and Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes owed on the sum they receive on this Agreement.

4.   **Settlement Approval.**   Plaintiff shall file a motion seeking the Court's approval of this Agreement. This Agreement is contingent upon the Court's approval of this settlement Agreement and dismissal of all of Plaintiff's claims, with prejudice.

5.      In the event the Defendants default in payment of any of the Settlement Funds as set forth in Paragraph 3, then Plaintiff, after a written notice of such default to Defendants' attorneys, and such default not being cured within a ten (10) business day period, which period shall begin to run upon the mailing, by certified mail, and faxing of such notice to Defendants' counsel, whichever comes first, Plaintiff shall be entitled to re-open the matter before the United States District Court for the Southern District of New York against any and all Defendants without further notice.

6.      This Action is discontinued with prejudice, without costs to any party against another (except as set forth in Paragraph 3), except that Plaintiff and Defendants agree that the United States District Court for the Eastern District of New York shall have continuing jurisdiction over the interpretation and enforcement of the terms of this Agreement.

7.      **Non-Admission of Wrongdoing**.  Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants.  Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

8.      **Resolution of Disputes.**  Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

9.      **Covenant not to Sue.**  Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendants arising out of or relating to any allegation or claim (whether Plaintiff's or any other person's) concerning Plaintiff's employment with Defendants or any of their parents, subsidiaries or affiliates, unless directed by court order or subpoena.  Plaintiff expressly agrees that if he breaches this section, and fails to cure said breach within ten (10) days of receiving notice of breach from Defendants: (1) he will be responsible for any attorney's fees incurred by Defendants as a result of said breach; and (2) he shall immediately pay back to Defendants all monies paid to him under this Agreement.

10.   **No Waiver**.  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

11. **Section Headings**.  Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12.    **Entire Agreement**.

3

(a)     This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiff has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b)     This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c)     Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

13.   **Competence to Waive Claims.**  Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement.  Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his FLSA claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

14.   **Representations.**

(a)     Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b)     Plaintiff understands and agree that he has been advised to consult with an attorney before signing this Agreement.

(c)     Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his minds and to revoke this Agreement.  Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose.  If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement.  This Agreement shall not be effective or enforceable until the revocation period has expired.

15.   **Execution.**

(a)     The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C.  Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA.  Plaintiff selected his counsel voluntarily;

4

      (b)     Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

      (c)     This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

PLAINTIFF:

_____
Emeterio Garcia Santana
Dated: December___, 2018

DEFENDANTS:

_____
Rego Furniture, Inc.
Dated:  December___, 2018

_____
Fortune Distributor of Third Avenue, Inc.
Dated: December___, 2018

_____
Z&G Distributors, Inc.
Dated: December___, 2018

_____
Sami Zeitoune
Dated: December___, 2018

_____
Eli Yahu Grego
Dated: December___, 2018

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

PLAINTIFF:

DEFENDANTS:

_____

_____

Emeterio Garcia Santana
Dated: December__, 2018

Rego Furniture, Inc.
Dated: December__, 2018

_____

Fortune Distributor of Third Avenue, Inc.
Dated: December__, 2018

_____

Z&G Distributors, Inc.
Dated: December__, 2018

_____

Sami Zeitoune
Dated: December__, 2018

_____

Eli Yahu Grego
Dated: December__, 2018

# EXHIBIT B

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emeterio Garcia Santana | | | | | | | | | | | | | | |
| | 3/15/2012 | 12/31/2012 | 42 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 7.25 | $ 10.88 | $ 548.28 | $ 450.00 | $ 98.28 | $ 4,127.81 | $ 4,127.81 |
| | 1/1/2013 | 12/31/2013 | 52 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 7.25 | $ 10.88 | $ 548.28 | $ 450.00 | $ 98.28 | $ 5,110.63 | $ 5,110.63 |
| | 1/1/2014 | 12/31/2014 | 52 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 8.00 | $ 12.00 | $ 605.00 | $ 450.00 | $ 155.00 | $ 8,060.00 | $ 8,060.00 |
| | 1/1/2015 | 12/31/2015 | 52 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 8.75 | $ 13.13 | $ 661.72 | $ 450.00 | $ 211.72 | $ 11,009.38 | $ 11,009.38 |
| | 1/1/2016 | 12/31/2016 | 52 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 9.00 | $ 13.50 | $ 680.63 | $ 450.00 | $ 230.63 | $ 11,992.50 | $ 11,992.50 |
| | 1/1/2017 | 12/31/2017 | 52 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 11.00 | $ 16.50 | $ 831.88 | $ 450.00 | $ 381.88 | $ 19,857.50 | $ 19,857.50 |
| | 1/1/2018 | 4/15/2018 | 15 | 63.75 | 0 | $ 7.06 | $ 10.59 | $ 13.00 | $ 19.50 | $ 983.13 | $ 450.00 | $ 533.13 | $ 7,996.88 | $ 7,996.88 |
| | | | | | | | | | | | | | $ 68,154.69 | 68,154.69 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | TOTAL: | $ 68,154.69 | $ 68,154.69 |
| | | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | | | |
| | | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | | | |
| | | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. | | | | | | | | | |

1 of 2

Privileged Settlement Communication                                                    Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Emeterio Garcia Santana | 3/15/2012 | 12/31/2012 | $    - | $    - | $    5,000.00 | $    5,000.00 | $    2,295.38 | $    - | | $    20,551.01 |
| | 1/1/2013 | 12/31/2013 | $    - | $    - | | | $    2,427.94 | $    - | | $    12,649.19 |
| | 1/1/2014 | 12/31/2014 | $    - | $    - | | | $    3,103.72 | $    - | | $    19,223.72 |
| | 1/1/2015 | 12/31/2015 | $    - | $    - | | | $    3,248.61 | $    - | | $    25,267.36 |
| | 1/1/2016 | 12/31/2016 | $    - | $    - | | | $    2,457.90 | $    - | | $    26,442.90 |
| | 1/1/2017 | 12/31/2017 | $    - | $    - | | | $    2,280.24 | $    - | | $    41,995.24 |
| | 1/1/2018 | 4/15/2018 | $    - | $    - | | | $    454.90 | $    - | | $    16,448.65 |
| | | | $    - | $    - | $    5,000.00 | $    5,000.00 | $    16,268.69 | $    - | $    - | $    162,578.06 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | $    - | $    - | $    5,000.00 | $    5,000.00 | $    16,268.69 | $    - | $    - | $    162,578.06 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | Filing Date | | 3/29/2018 | | | | | |
| | | | FLSA | | 3/29/2015 | | | | | |
| | | | NYLL | | 3/29/2012 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 10/10/2018 | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Emeterio Garcia Santana | | | | | | | | | | | | | | |
| | 3/15/2012 | 12/31/2012 | 42 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 7.25 | $ 10.88 | $ 485.53 | $ 450.00 | $ 35.53 | $ 1,492.11 | $ 1,492.11 |
| | 1/1/2013 | 12/31/2013 | 52 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 7.25 | $ 10.88 | $ 485.53 | $ 450.00 | $ 35.53 | $ 1,847.37 | 1,847.37 |
| | 1/1/2014 | 12/31/2014 | 52 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 8.00 | $ 12.00 | $ 485.53 | $ 450.00 | $ 35.53 | $ 1,847.37 | 1,847.37 |
| | 1/1/2015 | 12/31/2015 | 52 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 8.75 | $ 13.13 | $ 485.53 | $ 450.00 | $ 35.53 | $ 1,847.37 | 1,847.37 |
| | 1/1/2016 | 12/31/2016 | 52 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 9.00 | $ 13.50 | $ 485.53 | $ 450.00 | $ 35.53 | $ 1,847.37 | 1,847.37 |
| | 1/1/2017 | 12/31/2017 | 52 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 11.00 | $ 16.50 | $ 563.75 | $ 450.00 | $ 113.75 | $ 5,915.00 | 5,915.00 |
| | 1/1/2018 | 4/15/2018 | 15 | 47.5 | 0 | $ 9.47 | $ 14.21 | $ 13.00 | $ 19.50 | $ 666.25 | $ 450.00 | $ 216.25 | $ 3,243.75 | 3,243.75 |
| | | | | | | | | | | | | | $ 18,040.33 | 18,040.33 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | TOTAL: | $ 18,040.33 | $ 18,040.33 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication                                                    Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Emeterio Garcia Santana | 3/15/2012 | 12/31/2012 | $  - | $  - | $  5,000.00 | $  5,000.00 | $  831.90 | $  - | | $  13,816.11 |
| | 1/1/2013 | 12/31/2013 | $  - | $  - | | | $  880.33 | $  - | | $  4,575.07 |
| | 1/1/2014 | 12/31/2014 | $  - | $  - | | | $  714.07 | $  - | | $  4,408.81 |
| | 1/1/2015 | 12/31/2015 | $  - | $  - | | | $  547.81 | $  - | | $  4,242.54 |
| | 1/1/2016 | 12/31/2016 | $  - | $  - | | | $  381.31 | $  - | | $  4,076.05 |
| | 1/1/2017 | 12/31/2017 | $  - | $  - | | | $  687.83 | $  - | | $  12,517.83 |
| | 1/1/2018 | 4/15/2018 | $  - | $  - | | | $  189.24 | $  - | | $  6,676.74 |
| | | | $  - | $  - | $  5,000.00 | $  5,000.00 | $  4,232.50 | $  - | $  - | $  50,313.15 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | $  - | $  - | $  5,000.00 | $  5,000.00 | $  4,232.50 | $  - | $  - | $  50,313.15 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | Filing Date | | 3/29/2018 | | | | | |
| | | | FLSA | | 3/29/2015 | | | | | |
| | | | NYLL | | 3/29/2012 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 10/16/2018 | | | | | |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Emeterio Garcia Santana                                      March 7, 2019

|              |              |
|--------------|--------------|
| File #:      | EasyShopping |
| Inv #:       | 1144         |

**Attention:**

**RE:**    Garcia Santana, et al. v. Rego Furniture Inc., et al.

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jan-29-18 | interviewed new client and got facts for case | 0.90 | 405.00 | MF |
| Mar-29-18 | reviewed and corrected complaint | 1.50 | 675.00 | MF |
| Apr-18-18 | reviewed language of complaint | 0.30 | 135.00 | MF |
| Jul-16-18 | Drafted letter to Judge requesting extension of time to file initial conference materials | 0.30 | 105.00 | SI |
|  | Reviewed Defendants' changes to initial conference materials and filed  same | 0.20 | 70.00 | SI |
| Jul-20-18 | Travel to and from and appear at initial conference | 1.20 | 420.00 | SI |
| Aug-03-18 | Drafted initial disclosures | 0.80 | 280.00 | SI |
| Aug-14-18 | discussed status of case with staff | 0.10 | 45.00 | MF |
| Aug-20-18 | Drafted and served discovery requests | 0.70 | 245.00 | SI |
| Aug-30-18 | review case file | 0.20 | 70.00 | GN |
| Aug-31-18 | telephone conference with. mediator and def attorney | 0.30 | 105.00 | GN |

| Oct-09-18 | review and edit mediation statement, damages, and telephone conference with cl | 0.60 | 210.00 | GN |
|---|---|---|---|---|
| Oct-15-18 | Mediation | 5.00 | 1,750.00 | GN |
| | travel from mediation | 0.30 | 52.50 | GN |
| | conference with MF re: mediation | 0.40 | 140.00 | GN |
| Oct-16-18 | discussed case with GN | 0.40 | 180.00 | MF |
| Oct-17-18 | review damages calculations | 0.10 | 35.00 | GN |
| Oct-22-18 | discussed case with GN | 0.10 | 45.00 | MF |
| | telephone conference with. w/ def attorney and mediator | 0.30 | 105.00 | GN |
| | conference with MF re: settlement | 0.10 | 35.00 | GN |
| Oct-23-18 | conference with def attorney then SV re: sett | 0.10 | 35.00 | GN |
| | telephone conference with cl and SV re: sett | 0.10 | 35.00 | GN |
| | telephone conference with def attorney's fees re: settlement | 0.10 | 35.00 | GN |
| Oct-24-18 | draft ltr to court | 0.10 | 35.00 | GN |
| Dec-12-18 | review def ltr, telephone def attorney | 0.10 | 35.00 | GN |
| Dec-19-18 | telephone conference with def attorney re: sett agreement | 0.10 | 35.00 | GN |
| Dec-28-18 | conference with def attorney and draft ltr re: extension of time to file | 0.10 | 35.00 | GN |
| Jan-16-19 | review and edit ny sett agreement | 0.40 | 140.00 | GN |
| Jan-22-19 | continue review of sett agreements | 0.20 | 70.00 | GN |
| Jan-24-19 | continue review of draft sett motion | 0.60 | 210.00 | GN |
| | edit draft sett agreements | 1.80 | 630.00 | GN |

| Jan-28-19 | draft settlement fairness ltr | 0.40 | 140.00 | GN |
|---|---|---|---|---|
| Jan-29-19 | review and edit fairness motion | 0.10 | 35.00 | GN |
| Mar-05-19 | telephone conference with def attorney's fees re: sett | 0.10 | 35.00 | GN |
| | Totals | 18.10 | $6,612.50 | |

**DISBURSEMENTS**

| | Filing Fee | 400.00 |
|---|---|---|
| May-15-18 | Process Server Fortune Distributor of Third Avenue Inc | 66.00 |
| | Process Server Rego Furniture Inc | 66.00 |
| | Process Server Z&G Distributors Inc | 66.00 |
| Jun-22-18 | Process Server DGR Eli Yahu Grego | 218.60 |
| | Process Server DGR Sami Zeitoune | 218.60 |
| | Totals | $1,035.20 |

**Total Fee & Disbursements**                                        $7,647.70

**Balance Now Due**                                        $7,647.70