```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/16/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Emeterio Garcia Santana,

                    Plaintiff,

         –v–

Rego Furniture Inc., *et al.*,

                    Defendants.

18-cv-2799 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

In 2018, Plaintiff filed a complaint in this action alleging violations of the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law (NYLL), Art. 19

§§ 190 and 650 *et seq.*  *See* Dkt. No. 1.  Following a mediation, the parties informed the Court

that they had reached a settlement.  *See* Dkt. No. 36.  And in March 2019, the parties submitted a

proposed a settlement agreement for the Court's approval and a letter explaining their views on

the fairness of the settlement.  *See* Dkt. No. 56.  The agreement provides for a total settlement

amount of $30,000.00, including attorney's fees and costs.  Plaintiff's counsel seeks fees and

expenses in the amount of $10,000.00.  For the following reasons, the Court approves the

settlement agreement but reduces Plaintiff's fee-and-cost award to $6055.20.

## I.    LEGAL STANDARD

In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work,"

settlements in FLSA cases must be approved by a court or by the Department of Labor.  *Cheeks*

*v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v.*

*Walling*, 324 U.S. 490, 493 (1945)).  A plaintiff's FLSA claims therefore cannot be dismissed

with prejudice until the Court determines that the settlement is "fair and reasonable."  *Wolinsky*

1

*v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  *Mamani v. Licetti*, No. 13-cv-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II.   DISCUSSION

The Court finds that the total settlement amount is reasonable.  To start, the total settlement amount is presumptively reasonable.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).  According to his allegations, under what the parties describe as "Plaintiff's best case scenario," Plaintiff is entitled to back wages of about $68,000.  Dkt. No. 56 at 1.  However, the parties have provided documents from Defendants that, if credited, indicate that Plaintiff is owed only $18,040 in backpay.  *See* Dkt. No. 56, Ex. B.  In light of the genuine dispute among the parties regarding the amount of backpay Plaintiff is owed, a settlement of $30,000, including fees, is reasonable.  *See Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-8337 (WHP), 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011) ("A district court may approve a FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes." (internal quotation marks omitted)); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-cv-8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").  Indeed, courts in this District regularly recognize settlement recoveries in this range as reasonable.  *See, e.g., Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515 (RA), 2017 WL 1857256 at *2 (S.D.N.Y. May 5, 2017) (approving a settlement amount of approximately 61% of maximum recovery); *Beckert v. Ronirubinov*, No.

15-CV-1951 (PAE), 2015 WL 8773460, at 21 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25% of maximum recovery).

The Court next turns to fees and costs. In total, plaintiff's counsel seeks one-third of the settlement amount, or $10,000. Courts in this District at times award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases).

Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts typically use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ) (internal quotation marks omitted).

Plaintiff argues that the lodestar amount is $6,612.50, an amount substantially less than the fee that they request ($10,000, including costs). Dkt. No. 56 at 2. The Court disagrees. The Faillace Firm's billing records reflect that it is seeking fees on behalf of three attorneys: Michael Faillace, Gennadiy Naydenskiy, and Sara Isaacson. To begin, Faillace bills at hourly rate of $450. *Id.* at 3. Once again, this Court joins "many others in the circuit in finding Mr. Faillace's hourly rate excessive," *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (citing cases), and reduces his hourly rate to $400. Similarly, the Court finds the hourly rates charged by the two associates, $350, excessive. The

Court thus reduces these rates to $250.  *See Gonzalez v. Scalinatella, Inc.*, No. 13-cv-3629(PKC), 2015 WL 3757069, at *21 (S.D.N.Y. June 12, 2015).  However, the Court finds that the total of attorney hours expended in this matter, about 18 hours, to be a "reasonable number of hours required by the case."  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The Court thus calculates the lodestar as follows:

| Attorney | Reasonable Hourly Rate | Reasonable Number of Hours | Total Fee |
|---|---|---|---|
| Michael Faillace | $400 | 3.3 | $1320 |
| Gennadiy Naydenskiy | $250 | 3.2 | $800 |
| Sara Isaacson | $250 | 11.6 | $2900 |

The lodestar figure is thus $5,020.  The Court sees no reason to depart from this figure in this case and award the higher sum of $10,000 (including both fees and costs) requested by the Plaintiffs.  *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (noting that "the lodestar figure includes most, if not all, of relevant factors constituting a 'reasonable' attorney's fee.") (internal quotation marks omitted).  Indeed, this case is a "run-of-the-mill wage and hour action involving a single Plaintiff and no motion for conditional certification."  *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016).

As to costs, plaintiff's counsel seeks $1,035.20, which it incurred for filing fees and service.  Dkt. No. 56 at 28.  The Court finds these costs reasonable, *see Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases), and therefore grants this request.

The Court therefore awards the Respondents $5,020 in attorney's fees and $1,035.20 in costs, for a total of $6055.20.

### III.      CONCLUSION

For the reasons explained above, the Court approves the settlement. Plaintiffs' counsel is to receive $6055.20 of the settlement amount, with $5020 allocated to attorneys' fees and $1,035.20 to costs, and the balance to go to Plaintiff.    The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: August 16, 2020
          New York, New York

_____

ALISON J. NATHAN
United States District Judge